**NOT FOR PUBLICATION**

JAN 24 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARSIMRAN SINGH, | No. 08-75173 |
| Petitioner, | Agency No. A078-974-211 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2012[**]

Before:    LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Harsimran Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597

F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion by denying Singh's motion to reopen as

untimely where the motion was filed over four years after the BIA's final order,

*see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to present sufficient evidence of

changed circumstances in India to qualify for the regulatory exception to the time

limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Malty v.*

*Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . whether

circumstances have changed sufficiently that a petitioner who previously did not

have a legitimate claim for asylum now has a well-founded fear of future

persecution.").

We reject Singh's contention that the BIA failed to consider evidence

because he has not overcome the presumption that the BIA reviewed the record.

*See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). Singh's contention

that the BIA applied a higher standard is belied by the record.

Finally, we decline to reconsider Singh's contentions regarding the

immigration judge's adverse credibility determination because this court already

decided that issue in *Singh v. Gonzales*, 206 Fed. Appx. 707 (9th Cir. 2006). *See*

*Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (explaining that under the

"law of the case doctrine," one panel of an appellate court will not reconsider

questions which another panel has decided on a prior appeal in the same case).

**PETITION FOR REVIEW DENIED.**

08-75173